IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LANDSTAR SYSTEM, INC., )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　 )<br>v. 　　　　　　　　　　　　)<br>LANDSTAR ONWAY, INC., 　 )<br>　and 　　　　　　　　　　 )<br>GKARNIK VARTANIAN, 　　  )<br>　　　　Defendants. 　　　　)  | 1:22-cv-1417 (LMB/WEF) |

## ORDER

Before the Court is a Report and Recommendation [Dkt. No. 37] ("Report") from a magistrate judge recommending that plaintiff Landstar System, Inc.'s ("Landstar System") Motion for Default Judgment [Dkt. No. 28] be granted as to defendant Landstar Onway, Inc. ("Landstar Onway"), but denied as to defendant Gkarnik Vartanian because plaintiff failed to establish it properly served Vartanian with process.

The Report, which was issued on August 15, 2023, advised the parties that any objection to the Report had to be filed within fourteen (14) days of its service, and that failure to file timely objections waived appellate review of the proposed findings of fact and recommendations and any resulting judgment. [Dkt. No. 37] at 35. The docket sheet reflects that a copy of the Report was mailed to defendant Landstar Onway on August 15, 2023, and there is no indication in the record that the Report has been returned by the United States Postal Service as undeliverable. As of the close of business on October 1, 2023, no objections have been filed.

The Court has carefully reviewed the Report which correctly found that subject matter jurisdiction exists under 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (federal jurisdiction over trademark and copyright claims), and § 1367(a) (supplemental subject matter

jurisdiction over state law claims); that personal jurisdiction over defendant is proper because Landstar Ownway is incorporated in Virginia, has its principal place of business in Alexandria, Virginia, and solicited business in Virginia; and that venue lies within the district. Service was properly effected on defendant Landstar Onway through an agent authorized by law to receive service of process on February 15, 2023, [Dkt. No. 15]; however, the record fails to reflect proper service of process upon defendant Vartanian, see [Dkt. Nos. 12, 13, 22, 31, 32].[1]

Having reviewed the Report [Dkt. No. 37], plaintiff's Motion for Default Judgment, and the supporting memorandum and exhibits [Dkt Nos. 28, 32], the Court adopts the factual findings and conclusions of the Report as its own. Specifically, the Court finds that defendant's use of the Landstar trademarks is likely to cause confusion among customers and that plaintiff has satisfied each element of trademark infringement and unfair competition claims under the Lanham Act, Virginia common law, and Va. Code § 59.1-92.12. [Dkt. No. 37] at 25-26. The Court finds that these violations by defendant Landstar Onway resulted in $99,800 in lost profits, trebled to $299,400; $21,235 in actual damages; $21,706.02 in attorneys' fees, and $3,279.24 in costs, totaling an award of $345,620.26. Moreover, the Court adopts the recommendation in the Report to issue a permanent injunction protecting plaintiff Landstar System's marks.

For these reasons, and as further explained in the Report, plaintiff's Motion for Default Judgment [Dkt. No. 28] is GRANTED as to defendant Landstar Onway and DENIED as to defendant Gkarnik Vartanian. Accordingly, it is hereby

ORDERED that a judgment in the total amount of $345,620.26, consisting of $320,635 in damages, $21,706.02 in attorneys' fees, and $3,279.24 in costs, with post-judgment interest at

---

[1] This Court agrees with the Report and finds that plaintiff's service of process on defendant Vartanian was both untimely and insufficient to establish personal service. [Dkt. No. 37] at 8-9.

the official rate for federal judgments, be and is entered in favor of plaintiff Landstar System against defendant Landstar Onway; and it is further

ORDERED that defendant Gkarnik Vartarian be and is DISMISSED WITHOUT PREJUDICE from this civil action; and it is further

ORDERED that defendant Landstar Onway, including any of its officers, agents, employees, representatives, successors, assigns, and all persons, firms, corporations or entities acting directly with or under its control, be and are enjoined from further use of any of the Landstar marks, including the names "Landstar Onway" or "Landstar," or any names or marks confusingly similar thereto.

To appeal any aspect of this Order, defendant must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives defendant's right to appeal this decision.

The Clerk is directed to enter judgment in favor of plaintiff pursuant to Fed. R. Civ. P. 55, forward copies of this Order to counsel of record and defendant Landstar Onway at the address listed below, and close this civil action.

Landstar Onway, Inc.
c/o #1 BOC-3 Filing, Inc.
c/o Ken Olsen, Esq.
33 Philhower Road
Lebanon, NJ 08833

/s/
Leonie M. Brinkema
United States District Judge

Entered this 2nd day of October, 2023.

Alexandria, Virginia

3